# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

DAVID M. WHITE; and XAVIER ALLMON, on behalf of themselves and all other similarly situated employees,

    Plaintiffs,

v.

REEDER CHEVROLET, INC.; QUINLAN MOTORS, INC.; and QUINLAN MOTORS, LLC,

    Defendants.

Case No. 3:17-cv-00107
Jury Demanded

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through counsel, on behalf of themselves and other current and former employees of Defendants, Reeder Chevrolet, Inc., Quinlan Motors, Inc., and Quinlan Motors, LLC (collectively, "Reeder Chevrolet"), who are similarly situated, aver as follows:

### Nature of Action

1. For at least three years preceding the filing of this action, Reeder Chevrolet has maintained a corporate policy of refusing to pay its lube technicians overtime compensation in violation of Section 7 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 207(a).

2. Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and other similarly situated employees for whom Reeder Chevrolet has willfully misclassified as exempt from overtime compensation and/or failed to properly pay overtime wages.

## Jurisdiction and Venue

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Reeder Chevrolet is headquartered in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## Parties

5. Defendant Reeder Chevrolet, Inc. is a Tennessee corporation with its principal place of business located at 4301 Clinton Highway, Knoxville, TN 37912-5625. Defendant may be served with process through its registered agent, James Quinlan, at the above address.

6. Defendant Quinlan Motors, Inc., is a Tennessee corporation with its principal place of business located at 4301 Clinton Highway, Knoxville, TN 37912-5625. Defendant may be served with process through its registered agent, James Quinlan, at the above address.

7. Defendant Quinlan Motors, LLC, is a Tennessee limited liability company with its principal place of business located at 4301 Clinton Highway, Knoxville, TN 37912-5625. Defendant may be served with process through its registered agent, James Quinlan, at the above address.

8. Defendants, individually and collectively, are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and (s).

10. Plaintiffs are current and former employees of Reeder Chevrolet.

11. Plaintiffs are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. Written consents to join this collective action signed by Plaintiffs herein are attached hereto as Exhibit 1 (White) and 2 (Allmon).  Additional consents to join will be filed on behalf of other similarly situated employees.

### Facts

13. Defendants own and operate a GM/Chevrolet dealership, with a sales department, a finance department, a parts department, and a service department

14. Defendants' service department employs only highly trained and certified mechanics, who perform warranty repairs and manufacturer-recommended maintenance on vehicles sold by the dealership.  Upon information and belief, Defendant properly classifies these service department mechanics as 'exempt' from the FLSA's overtime pay requirements.

15. However, in addition to the service department, and separate from it, Defendant also maintains what it calls a "Quick Lube Center," which strictly performs maintenance work consisting of oil and oil filter changes and tire rotations.

16. The employees working in the Quick Lube Center are called "Lube Technicians."

17. Defendants knowingly and willfully misclassify Lube Technicians as 'exempt" from the FLSA's overtime pay requirements.

18. Upon information and belief, Defendants have employed upwards of 30 current and former full-time Lube Technicians over the past three years.

19. Defendants pay Lube Technicians on an hourly basis of around $11.00 per hour, but refuses to pay overtime wages.

20. Lube Technicians report to a Quick Lube Manager and are not within the same chain-of-command as Defendants' service department Technicians.

21. Lube Technicians are not allowed to perform any hands-on repairs or maintenance beyond rotating tires and performing oil and oil filter changes.

22. Further, when the Quick Lube Center is slow, and between customers, Defendant expects its Lube Technicians to be sweeping, stocking, mopping, and cleaning tools and other purely manual tasks.

23. Lube Technicians regularly work 50 hour-plus work weeks.

24. Plaintiff, David M. White, worked for Defendant as a Lube Technician from approximately May 18, 2015 to July 13, 2016.

25. Plaintiff, Xavier Allmon, worked for Defendant as a Lube Technician from approximately May 2015 to September 2016.

26. Over the course of their employment as Lube Technicians, Mr. White and Mr. Allmon, together with similarly situated employees, worked well in excess of 40 hours per week, and did not receive overtime compensation during their employment in violation of the FLSA's overtime pay requirements.

## Putative Class

27. Plaintiffs White and Allmon bring this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All individuals who are or will be employed by Reeder Chevrolet as Lube Technicians during the period beginning three years prior to the date of commencement of this action through the date of judgment in this action, and who were paid on either an hourly, and who did not receive all overtime compensation due for hours worked in excess of forty (40) per week.

28. Defendants are liable for their failure to pay Plaintiffs and members of the putative class for all hours worked and time and one-half for hours in excess of forty (40) at their regular rate.

29. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, and equal amount of liquated damages, and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

<u>Count I</u>
(Violation of the Fair Labor Standards Act)

30. Plaintiffs incorporate by reference the allegations asserted in Paragraphs 1-29.

31. Reeder Chevrolet willfully violated the FLSA by misclassifying Plaintiffs as exempt employees, and a 3-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

32. At all relevant times, Reeder Chevrolet has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times, Reeder Chevrolet has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the prospective FLSA Class, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

34. At all relevant times, Defendants had gross operating revenues in excess of $500,000.

35. Reeder Chevrolet has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and similarly situated employees as "exempt" employees, and thereby failing and refusing to pay them the hourly wage compensation as required by law and in accordance with § 206 and § 207 of the FLSA.

36. Plaintiffs and members of the proposed class are not employed in a bona fide

executive, administrative, or a professional capacity pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations.

37. Plaintiffs and members of the proposed class are not subject to any other exemptions set forth in the FLSA or regulations.

38. As a result of Reeder Chevrolet's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

39. Reeder Chevrolet has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated present and former employees.

40. As a result of Reeder Chevrolet's unlawful acts, Plaintiffs and all similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interests, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiffs, and all those similarly situated, collectively request that this Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiffs as representatives of all those similarly situated under the FLSA collective action;

2. At the earliest possible time, issue notice of this collective action, or allow Plaintiffs to do so, to all persons who have at any time since the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance

of court-supervised notice, been employed by Reeder Chevrolet. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

3. Award Plaintiffs and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and the class as provided by the FLSA, 29 U.S.C. § 216(b).

4. Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the FLSA, U.S.C. § 216(b).

5. Award Plaintiffs and all those similarly situated attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b).

6. Award Plaintiffs and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

## Jury Demanded

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Richard E. Collins*
Richard Everett Collins (TN Bar # 024368)

COLLINS & DOOLAN, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 247-0434
richard@collinsdoolan.com

*Attorneys for Plaintiffs*